**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CYRUS JONATHAN GEORGE,**

        **Petitioner,**

v.                       **CIVIL ACTION NO. 1:04CV22**
                                      **(Judge Stamp)**

**B.A. BLEDSOE,[1]**

        **Respondent.**

**REPORT AND RECOMMENDATION/OPINION**

**I. PROCEDURAL HISTORY**

On February 17, 2004, the *pro se* petitioner, Cyrus Jonathan George, an inmate at FCI-Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking to have this Court vacate his conviction. Thereafter, on May 19, 2004, the petitioner filed an Amended Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. By Order entered on April 26, 2005, the Court directed the respondent to show cause why the writ should not be granted. On May 10, 2005, the respondents filed Response to Order Directing Respondent to Show Cause Why Writ Should not be Granted. On May 20, 2005, the petitioner filed a Motion in which he requested issuance of a writ of habeas corpus.

This matter is pending before me for Report and Recommendation pursuant to LR PL P

---

[1]The respondent asserts that the current warden at FCI-Gilmer is K.J. Wendt. Consequently, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure Warden Wendt should be substituted for B.A. Bledsoe as the respondent.

83.09.

## II. **FACTS**

The petitioner was convicted by a jury in the United States District Court for the Northern District of West Virginia of violating 18 U.S.C. §1962(c); 18 U.S.C. §1962(d) and 18 U.S.C. §1959(a)(2). He was sentenced to a total term of imprisonment of 480 months. (Case no. 2:90cr78)

The petitioner filed an appeal with the Fourth Circuit Court of Appeals, but he states that he voluntarily dismissed the appeal. He then filed a motion pursuant to 28 U.S.C. §2255 in which he argued that his indictment had been constructively amended. The petitioner states that his §2255 motion was denied on February 13, 1995.[2] Thereafter, he filed a petition for Writ of Error Coram Nobis in which he argued that there was prejudicial variance of the indictment. The petition was denied on February 13, 1995.

On February 18, 1997, the petitioner filed another §2255 motion. The motion was denied without prejudice on February 21, 1997, because it was a second or successive motion. According to the Court's docket in criminal case no. 2:90cr78, the petitioner's multiple attempts to obtain leave from the Fourth Circuit to file a second or successive petition have been denied. The petitioner now seeks relief under 28 U.S.C. §2241 in this Court.

In his petition, the petitioner raises two grounds. First, he asserts that the Government failed to disclose that it used perjured testimony to obtain his conviction. According to the petitioner, Ellowood Eugene Bennett testified against him at his criminal trial, but the Court, in ruling on Bennett's Rule 35(b) motion found that "Bennett's testimony against [him] was not truthful." The petitioner bases his assertion that the Court found that Bennett's testimony against him was not

---

[2]The court's docket sheet reveals that the §2255 motion was denied on August 2, 1996.

2

truthful on the Court's statement that "the defendant had not been entirely truthful during this substantial assistance, that is, he refused to admit his involvement in the Woodford fire which resulted in the death of Sally Rice."

In his second ground, the petitioner asserts that the Federal Bureau of Prisons unlawfully set the amount and timing of the payments of his $20,000.00 fine. According to the petitioner, for over five years, he was exempt from making payments on his court ordered fine pursuant to United States v. Miller, 77 F. 3d 71, 78 (4th Cir. 1996). However, in December 2003, the BOP determined that the Miller exemption did not apply to him.

The petitioner pursued the fine issue through the administrative process. On December 19, 2003, the petitioner filed an Inmate Request to Staff Member regarding the payments of the fine. He was advised on December 24, 2003, that staff at the regional office had reviewed his Judgment and Commitment Order and determined that the fine was due immediately, and thus, he must start making payments while incarcerated. The petitioner then filed a Request for Administrative Remedy Informal Resolution Form. He was advised that he did not meet the Miller exception. Thereafter, the petitioner filed a Request for Administrative Remedy. He was advised that the Miller decision does not apply to him and that a payment schedule was established for him. He was further advised that because he refused to sign the payment schedule, he was placed in FRP refuse status. Subsequently, the petitioner filed a Regional Administrative Remedy Appeal and was advised that his fine was due immediately. Then, he filed a Central Office Remedy Appeal which was denied.   The petitioner requests that the Court vacate the judgment entered in counts 1, 2 and 16 or in the alternative, that the Court vacate the judgment entered in count 2. He also requests that the Court reinstate his Miller exemption regarding the schedule of payments of his $20,000.00 fine

3

and vacate the fine portion of his sentence.

## III. ANALYSIS

### A. Use of Perjured Testimony

The petitioner is attempting to challenge his conviction via a §2241 petition. Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

There is nothing in the petitioner's §2241 petition or supplemental petition which establishes that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that §2255

4

is inadequate or ineffective, and he has improperly filed a §2241 petition.

Alternatively, the portion of the petitioner's §2241 petition which challenges his criminal conviction could be characterized as a second or successive §2255 motion. See United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003).[3] Because the petitioner has not obtained approval from the Fourth Circuit Court of Appeals to file a second or successive §2255 motion his motion should be dismissed. See 28 U.S.C. §§2244 and 2255.

**B. Payments**

The Fourth Circuit Court of Appeals has held that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). In Miller, the district court had ordered the defendant to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." The Fourth Circuit determined that the district court had improperly delegated its authority to the BOP and vacated the portion of Miller's sentence regarding the fine and restitution.

Here, the Court indicated in the Judgment and Commitment Order that "the defendant shall pay a fine of $20,000.00 during his period of federal incarceration and his employment at the direction of the Bureau of Prisons." The Judgment and Commitment Order was issued prior to

---

[3]28 U.S.C. §2255 provides as follows regarding second or successive §2255 motions second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Miller being decided.

Nonetheless, the respondent asserts that "it appears that there was an improper delegation of the core judicial function to set the timing and amount of the fine payment." Thus, the BOP has placed the petitioner in IFRP no obligation status. Pursuant to his IFRP no obligation status, the petitioner is not required to make quarterly payments on his special assessment and fine. The respondent further asserts that the petitioner has been granted the relief he seeks regarding his financial obligation and that Court should dismiss the petition as moot.

The petitioner asserts that regardless of his placement in IFRP no obligation status, he is entitled to have the portion of the Judgment and Commitment Order relating to the fine be vacated.

Contrary to the petitioner's argument, there is no need to vacate the Judgment and Commitment Order because the BOP is not setting the amount and timing of his fine payment as it has placed him in IFRP no obligation status.

### IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition , supplemental petition and motion for writ be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208

(1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: May 25, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE