IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYRUS JONATHAN GEORGE,**

    **Petitioner,**

**v.**                                 **CIVIL ACTION NO. 1:04CV22**
                                                     **(Judge Stamp)**

**B.A. BLEDSOE,**[1]

    **Respondent.**

## SUPPLEMENTAL REPORT AND RECOMMENDATION/OPINION

### I. PROCEDURAL HISTORY

On February 17, 2004, the *pro se* petitioner, Cyrus Jonathan George, an inmate at FCI-Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, asserting that (1) the Government failed to disclose that it used perjured testimony to obtain his conviction and (2) the Federal Bureau of Prisons ["BOP"] unlawfully set the amount and timing of the payments of his $20,000.00 fine.

By Report and Recommendation entered on May 25, 2005, the undersigned recommended that the petitioner's §2241 petition be denied and dismissed with prejudice because the petitioner could not use 28 U.S.C. §2241 to challenge his conviction and because the BOP is not setting the amount and timing of the petitioner's fine payment as it placed him in IFRP no obligation status.

The petitioner did not object to the Report and Recommendation. Instead, on June 1, 2005, the petitioner filed a Motion to Hold Issue in Abeyance and a Motion to Recover Costs. The

---

[1]The respondent asserts that the current warden at FCI-Gilmer is K.J. Wendt. Consequently, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure Warden Wendt should be substituted for B.A. Bledsoe as the respondent.

petitioner's June 1, 2005 motions will be addressed in this supplemental Report and Recommendation.[2]

## II. ANALYSIS

The petitioner requests that the Court hold the undersigned's recommendation in abeyance in so far as the Report and Recommendation provided that "[c]ontrary to petitioner's argument, there is no need to vacate the Judgment and Commitment Order because the BOP is not setting the amount and timing of his fine payments as it has placed him in IFRP no obligation status." (Doc. #8 at 6). The petitioner wants an abeyance in case "the BOP ever decides to misread the language in petitioner's J & C again."

The petitioner's motion should be denied. The term "abeyance" means "temporary inactivity; suspension." BLACK'S LAW DICTIONARY (8th Ed. 2004). Thus, it appears to the undersigned the petitioner is actually seeking judicial notice of the Report and Recommendation. However, the matter of taking judicial notice will have to be determined when and if the matter arises in the future. Thus, the petitioner's Motion for Abeyance should be denied.

The petitioner also seeks to recover "costs and expenses that accumulated during the course of this litigation." The respondent argues that the petitioner is not entitled to cost pursuant to O'Brien v. Moore, 395 F. 3d 499 (4th Cir. 2005).

The undersigned has examined the petitioner's request for fees under the Equal Access to Justice Act ("EAJA"). However, in O'Brien, the Fourth Circuit found that the EAJA does not apply to habeas actions brought pursuant to 28 U.S.C. §2241 because such actions are not civil actions and

---

[2]The undersigned's May 25, 2005 Report and Recommendation remains in effect. This supplemental Report and Recommendation is being issued solely to address the merits of the petitioner' June 1, 2005 motions.

2

the doctrine of sovereign immunity prohibits the entry of an award for attorney's fees or costs against the United States in habeas actions.

Consequently, pursuant to O'Brien the undersigned recommends that the petitioner's Motion for Costs be denied.

### III. RECOMMENDATION

Based on the foregoing, the undersigned makes the supplemental recommendation that the petitioner's June 1, 2005 Motion to Hold Issue in Abeyance and a Motion to Recover Costs be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Supplemental Report and Recommendation/Opinion to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: August 22, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE