IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYRUS JONATHAN GEORGE,

    Petitioner,

v.                                      Civil Action No. 1:04CV22
                                              (STAMP)
K.J. WENDT, Warden,[1]

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

On February 17, 2004, the petitioner, Cyrus Jonathan George ("George"), appearing <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to Standing Order No. 2 and Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter. On May 19, 2004, the petitioner filed an amended habeas corpus petition. Magistrate Kaull then entered an order directing respondent to show cause why George's writ should not be granted. The respondent filed a response and the petitioner filed a reply.[2]

---

[1]This case was originally styled <u>George v. Bledsoe</u>. However, the respondent indicated that the petitioner's immediate custodian is K.J. Wendt, Warden, FCI Gilmer, and therefore, respondent Wendt has been substituted accordingly.

[2]The docket indicates that George's reply is a motion for issuance of habeas corpus. However, George's filing is not an additional motion for habeas corpus relief and is more accurately

On May 25, 2005, Magistrate Judge Kaull filed a report recommending that both the § 2241 petition and the amended § 2241 petition be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report.

No objections were filed. However, following entry of Magistrate Judge Kaull's report and recommendation, George filed a "motion to hold issue in abeyance" and a "motion to recover costs." The respondent responded to George's motion to recover costs[3] and the petitioner filed a reply. On August 22, 2005, Magistrate Judge Kaull filed a supplemental report recommending that George's motion to recover costs and motion to hold issue in abeyance be denied with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this

---

characterized as a reply to the respondent's response.

[3]The respondent filed a response and a modified response. In his initial response, the respondent indicated the petitioner may be entitled to certain costs. However, in his modified response, the respondent argued that the petitioner was not entitled to any costs.

Court reviews under the "clearly erroneous" standard, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Discussion

### A. Habeas Petition

George was sentenced to 480-months imprisonment after he was convicted by a jury in the United States District Court for the Northern District of West Virginia for violating 18 U.S.C. §§ 1962(c), 1962(d) and 1959(a)(2). Following sentencing, George filed two unsuccessful habeas corpus petitions pursuant to 28 U.S.C. § 2241. Presently, George argues in his § 2255 and amended § 2255 that (1) the government failed to disclose that it used perjured testimony to obtain his conviction, and (2) the Federal Bureau of Prisons ("BOP") unlawfully set the amount and timing of the payments of his $20,000.00 fine.

#### 1. Perjured Testimony

As stated by Magistrate Judge Kaull, a prisoner may seek relief under § 2241 when a petition under § 2255 is inadequate or ineffective to test the legality of his detention. See In re Jones, 226 F.3d 328 (4th Cir. 2000). This Court agrees that the petitioner has failed to demonstrate that a § 2255 petition is inadequate or ineffective pursuant to the test established in Jones. Id. at 333-34. Moreover, this Court agrees with Magistrate Judge Kaull's alternative recommendation that the petitioner's §

2241 is properly characterized as a second or successive § 2255 motion pursuant to the test in United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Accordingly, this Court holds that the petition and amended petition must be denied as to the petitioner's claim that the government used perjured testimony.

    2.   Fine Payment

Petitioner argues that he is entitled to have the fine section of his Judgment and Commitment Order ("J&C") vacated. Magistrate Judge Kaull recommended that the petitioner's fine need not be vacated because the BOP has placed the petitioner in IFRP no obligation status, meaning that the petitioner is not required to make quarterly payments on his special assessment and fine. This Court agrees and holds that the petition and amended petition must be denied as to the petitioner's claim that the fine portion of his J&C be vacated.

B.   Additional Motions

In his "motion to hold issue in abeyance," George seeks to have this Court "hold that part of Judge Kaull's recommendation in abeyance, if the BOP ever decides to misread the language in petitioner's J&C again." (Mot. to Hold at 1.) This Court agrees with Magistrate Judge Kaull's assessment that the petitioner's motion is not justiciable at this time, and accepts the magistrate judge's recommendation that the petitioner's motion to hold issue in abeyance be denied.

In his motion to recover costs, the petitioner seeks fees under the Equal Access to Justice Act ("EAJA"). However, O'Brien v. Moore, 395 F.3d 499 (4th Cir. 2005), has made it clear that EAJA does not apply to habeas actions brought pursuant to 28 U.S.C. § 2241. Accordingly, this Court accepts the magistrate judge's recommendation that the motion to recover costs be denied.

### III. Conclusion

Because this Court concludes that the magistrate judge's recommendations are not clearly erroneous, this Court AFFIRMS and ADOPTS the magistrate judge's first report and recommendation and supplemental report and recommendation in their entirety. Accordingly, George's § 2241 petition is DENIED, his motion to hold issue in abeyance is DENIED, the motion to recover costs is DENIED and this civil action is DISMISSED and STRICKEN from the active docket of this Court.

Because the petitioner failed to file written objections within ten days of the magistrate judge's report and recommendation, the petitioner has waived his right to appeal this decision. See Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 14, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE